On the 11th September, 1846, an agreement was entered into between these parties for the sale of a farm by the defendant to the plaintiff On the first of April, 1847, the agreement was consummated by a deed which particularly described the premises, the description ending with the words "containing ninety-six acres more or less." This is all that the deed contains as to the quantity, but the agreement says "containing ninety-six acres, be the same more or less, for the sum of $60 per acre." Upon the execution of the deed a mortgage was given for $1100 of the purchase money, which was not paid when it became due, and the defendant proceeded to foreclose it under the statute. The plaintiff then alleged that the premises did not contain ninety-six acres, but only eighty-six acres, and brought this suit to obtain a deduction on the mortgage of $60 the acre for the deficient ten acres.
There is no allegation in the complaint that there was any fraud as to the quantity, but simply that the defendant represented there were ninety-six acres, and the plaintiff believed that it was so and bought accordingly.
On the trial, there were several offers made to prove fraud on the part of the defendant, but the evidence was excluded and *Page 218 
the court ruled that under the pleadings no evidence could be received of fraud or mistake in respect to the quantity, that the sale was in bulk and not by the acre, and that the plaintiff was not entitled to any allowance for a deficiency in the quantity.
It does not appear from the case what was the judgment rendered at the circuit, though from the foregoing statements of the ruling there, it may be inferred what it was. At the general term it was simply denying a motion for a new trial.
The consideration mentioned in the deed was $5760, or equal to $60 an acre for ninety-six acres.
The ruling as to the evidence of fraud was clearly right, because there was no allegation of fraud in the complaint, and it would have been improper to allow the plaintiff to have enlarged by evidence offered on the trial the cause of action as she had chosen to set it out in her pleadings.
And the whole question is, whether even if there was a mistake as to the quantity, it can now be corrected.
I agree with the learned judge who presided at the circuit, in the opinion that the sale was one in bulk and not by the acre. There is no covenant or agreement anywhere that the premises do or shall contain any specific quantity. In both the agreement and the deed, the quantity is stated indefinitely "ninety-six acres, more or less." And in both the farm is described as a whole, as having been bought of a particular person, as in the possession of the defendant and as bounded by the lands of others who are named. And whether the farm contained more or less than the quantity named, all of it passed as it had thus been bought and occupied and bounded. Such it appears to me was clearly the intention of the parties as it is to be gathered from their written contract, and the purchaser was to take the risk whether the quantity fell short or run over. But even if it were otherwise, and even if both parties honestly made a mistake as to the quantity, it is not such an error as the courts can relieve against.
In actions at law, the suggestions of a mistake were never listened to as a defence in regard to a contract explicit in its terms. But in equity it was otherwise, and relief against mistakes *Page 219 
was one ground of equitable jurisdiction. But even there, the relief would not be granted unless the mistake was as palpable as if admitted and was so great as to produce the conviction that the contract, but for the mistake, never would have been made, and being made was entirely different from what was intended. And it was an essential ingredient to any relief under this head that it should be on an accident perfectly distinct from the sense of the instrument (per Ld. Thurlow, 1 Bro. 350; Gillespie v.Moon, 2 John. Ch. R. 596; see also 2 Kent's Com. 491, 5 ed. note c; Story, Eq. J. § 121 to 194).
These principles, which are well established, are directly in the way of affording to the plaintiff the relief she seeks. But we are not without authority as to their application to a case like the present. In Marvin v. Bennett (24 Wend, 169), application was made for relief on the ground of a mistake in the quantity. Gardiner, vice chancellor, the chancellor and the court for the correction of errors, all denied this relief on the ground that where a lot or farm is sold in gross and conveyed by a deed containing the words "more or less," such words being inserted upon deliberation because neither party professed to know the precise quantity contained within the boundaries of the deed, no court ought to interfere to make a new contract for the parties which they did not think proper to make for themselves. In Veeder v. Fonda (3 Paige, 98), the chancellor after alluding to the conflict in the American courts on this subject, says, "It seems now to be generally understood that where the contract has been consummated without fraud, misrepresentation or concealment as to the real quantity, the courts will not inquire whether there has been a mutual mistake as to the supposed quantity contained within certain specified boundaries."
I think these cases were determined upon just principles, and therefore I am of opinion that the ruling in this case at the circuit was correct, and the judgment ought to be affirmed.
All the judges except GRIDLEY, J. who did not hear the argument, concurring,
Judgment affirmed. *Page 220